UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY HESSLER,

              Plaintiff,

    v.

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

              Defendant.

CASE NO. C25-6192 BHS

ORDER

THIS MATTER is before the Court on plaintiff Gregory Hessler's Local Civil Rule (LCR) 5(g) motion to provisionally seal, Dkt. 15, and defendant Progressive Casualty Insurance Company's responsive motion to seal, Dkt. 26.

Hessler seeks to provisionally seal, Dkt. 15, his motion for remand, Dkt. 13, and Darrell M. Harber's supporting declaration, Dkt. 16. He challenges Progressive's designation of the filings as confidential.

Progressive responds that these documents should remain under seal and asks the Court to direct Hessler to publicly file redacted copies. Dkt. 23. It argues they contain proprietary business information and operational strategies. Hessler opposes the

ORDER - 1

"wholesale sealing" of Dkts. 13 and 16, arguing they do not comprise confidential information that would harm Progressive. Dkt. 32.

Progressive also moves to seal, Dkt. 26, its opposition to Hessler's motion to remand, Dkt. 30, and Jonathan E. Berg's supporting declaration, Dkt. 31, again contending they contain its confidential information. Hessler opposes Progressive's motion for the same reasons. Dkt. 37 (citing Dkt. 32).

In this Circuit, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). However, this right of access is "not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* The burden falls on the party seeking to seal the filings. The Court must consider "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

The Court concludes Progressive has sufficiently demonstrated compelling reasons to seal the filings at this stage of the proceedings. Public access to Progressive's internal guidelines and policies on diminished value claims would "undermine its competitive standing" and "erode the value" of its proprietary systems. *Id.* at 7; *see Cent. Freight Lines, Inc. v. Amazon Fulfillment Servs.*, No. C17-0814JLR, 2019 WL 5103311, at *2 (W.D. Wash. 2019) (sealing a filing that related to "confidential business details" relating to party's "internal processes and procedures," the disclosure of which "could result in improper use by business competitors"). And contrary to Hessler's contention

that Progressive wants to "wholesale" seal the documents, it requests redacted public copies of the filings. Dkt. 23 at 3.

The Court agrees that **Dkts. 13, 16, 30, and 31, shall remain SEALED** and directs the parties to **publicly file redacted versions of those documents**.

**IT IS SO ORDERED.**

Dated this 24th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3