UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY HESSLER,

Plaintiff,

v.

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

Defendant.

CASE NO. C25-6192 BHS

ORDER

THIS MATTER is before the Court on plaintiff Gregory Hessler's motion to remand. Dkt. 13.

This is a putative class action challenging defendant Progressive Casualty Insurance Company's underinsured motorist property damage (UMPD) policy coverage. Dkt. 1-2.

Hessler first filed this suit in Pierce County superior court in October 2022. *Id.* at 1. Weeks later, Progressive removed the matter under the Class Action Fairness Act (CAFA), and the case was assigned to Judge Robert Bryan of this Court. *Hessler v. Progressive*, No. 22-cv-5904-RJB (*Hessler I*). In February 2023, Judge Bryan held a

ORDER - 1

hearing on Hessler's motion to remand. *Id.*, Dkt. 33. He determined the amount in controversy did not meet CAFA's $5 million minimum and remanded the case to Pierce County. *Id.*, Dkt. 34. The Ninth Circuit denied Progressive's effort to appeal that decision. *Id.*, Dkts. 38 and 45.

The case proceeded through class certification discovery in state court. Dkt. 14 at 1–2. In January and March 2024, in response to an interrogatory, Progressive sent Hessler lists of UMPD claims paid on or after October 2016. *Id.* Hessler used the lists in his May 28, 2024, deposition of Progressive's Rule 30(b)(6) designee. *Id.* In September 2025, the parties agreed to extend Hessler's deadline to move for class certification to January 9, 2026. Dkt. 14-1 at 2.

On December 2, 2025, Progressive's senior claims director Jonathan Berg assessed claims data spanning October 2016 to November 2025. Dkt. 31.

On December 29, 2025, Progressive removed the case again under CAFA. Dkt. 1. The matter was assigned to this Court under a new case number, but involves the same parties and issues as *Hessler I*. *See* Dkt. 12 (senior Judge Bryan no longer taking cases).

Hessler moves to remand. Dkt. 13. He argues Progressive's second removal is untimely, that there has been no change in circumstances warranting removal again, and that the case still does not meet the $5 million amount in controversy. *Id.* at 11. He contends Progressive's removal "on the eve of class certification" is a "baseless delay tactic" and seeks attorney's fees and costs incurred due to removal. *Id.* at 8, 17 (citing 28 U.S.C. § 1447(c)).

Progressive argues removal was valid. Dkt. 30. It alleges it was Berg's "factual investigation," conducted in preparation to "oppose [Hessler's] certification motion," that revealed the case satisfied CAFA's requirements. *Id.* at 6–7. It acknowledges that some of the claims Berg reviewed "involve leased vehicles and non-owned vehicles, which are not part of the class," but maintains that the amount in controversy still clears the threshold at $5,030,004. *Id.* at 3, 6. It contends it had no duty to analyze its claims sooner. *Id.* at 7 (citing *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013)).

## I.    DISCUSSION

Putative class actions are removable under CAFA when the aggregate amount in controversy exceeds $5,000,000 for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). There is no presumption against removal for cases removed under CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("No antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court."). Under CAFA, the removing defendant retains the obligation to demonstrate by a preponderance of the evidence that the jurisdictional amount in controversy is met in order to sustain its removal in the face of a motion to remand. *Rodriquez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013)

Under 28 U.S.C. § 1446(b), a case may be removed in two different 30-day windows. The first requires a party to file the notice of removal within thirty days of receipt of the initial pleading or summons demonstrating grounds for removal. 28 U.S.C.

§ 1446(b)(1). The second commences "if no ground for removal is evident in the initial pleading, . . . and the defendant receives 'an amended pleading, motion, order, or other paper' from which it can be ascertained from the face of the document that removal is proper." *Cleveland v. W. Ridge Acad.*, No. 1:14-CV-01825-SKO, 2015 WL 164592, at *3 (E.D. Cal. Jan. 13, 2015) (citing 28 U.S.C. § 1446(b)(3)).

In a CAFA case, the defendant may remove "at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered." *Roth*, 720 F.3d at 1126. The Ninth Circuit has observed that although this open-ended timeline creates the "theoretical possibility of abusive gamesmanship" in CAFA cases, "plaintiffs are in a position to protect themselves" by providing "to the defendant a document from which removability may be ascertained." *Id.* "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Id.* at 1125.

Generally, successive removals are allowed only when "subsequent pleadings or events reveal a new and different ground for removal." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (citation modified). For example, the defendant may remove again based on newly discovered facts or law not available at the time of the first removal. *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1062–63 (C.D. Cal. 2014); *Andersen v. Schwan Food Co.*, No. EDCV 13-02208 JGB, 2014 WL 1266785, at *3 (C.D. Cal. 2014).

Hessler persuasively argues Progressive's December 2025 removal was untimely. He contends the claims summary he furnished to Progressive in May 2024 triggered the

ORDER - 4

30-day window under § 1446(b)(3). Although Progressive suggests the document was "indeterminate" with respect to removability, it stops short of explaining why that was the case. Dkt. 30 at 7 (quoting *Roth*, 720 F.3d at 1125). Moreover, the Court finds it curious that Progressive stipulated in September 2025 to extending the class certification deadline, and then had Berg include the following months' claims data in his analysis. Progressive does not justify, or even mention, the agreed extension in its response. The Court is hard pressed to accept that the updated claims data constituted a change in circumstance or newly discovered facts warranting a second removal, particularly when it appears to have been made possible by the convenient timing of Berg's investigation. And even accounting for claims up to November 2025, Progressive's alleged amount in controversy barely reaches $5 million.

A court may award attorneys' fees incurred as a result of removal when the removing party lacked an objectively reasonable basis for seeking removal." 28 U.S.C. § 1447(c). "The appropriate test for awarding fees under § 1447(c)" is whether the removal was "sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). "'Congress has unambiguously left the award of fees to the discretion of the district court.'" *Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1487 (9th Cir. 1995) (quoting *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992)).

Although Progressive's conduct suggests gamesmanship, the Court declines to award attorneys' fees and costs incurred as a result of removal.

ORDER - 5

Hessler's motion, Dkt. 13, is **GRANTED**. This case shall be **REMANDED** to Pierce County superior court.

**IT IS SO ORDERED.**

Dated this 29th day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6